**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Dustin Jerry Wade, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Director Larry W. Powers; ) <br> Spartanburg Detention Center Medical Staff ) <br> ) <br> Defendants. ) <br> _____) | C.A. No.: 3:08-1905-PMD-JRM <br><br> **ORDER** |

Plaintiff Dustin Jerry Wade ("Plaintiff"), a pre-trial detainee at the Spartanburg County Detention Center ("SCDC"), filed this action pursuant to 42 U.S.C. § 1983 as an *in forma pauperis* action under 28 U.S.C. § 1915. The record contains the Report and Recommendation ("R&R") of a United States Magistrate Judge, made in accordance with 28 U.S.C. § 636 (b)(1)(B), which recommends that Plaintiff's case be dismissed without prejudice. A party may object, in writing, to a Magistrate Judge's R&R within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff filed timely objections to the Magistrate Judge's recommendations.

**BACKGROUND**

On May 10, 2008, Plaintiff brought suit pursuant to 42 U.S.C. § 1983 against Larry W. Powers, Director of Spartanburg Detention Center, and the Spartanburg Detention Center Medical Staff. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915.

Plaintiff's action arises from an allegation that Defendants were deliberately indifferent to Plaintiff's medical needs during his pretrial detention at the SCDC. Plaintiff claims he was given medication three times a day while incarcerated at the SCDC, beginning on April 27, 2008 and continuing for one month thereafter. He claims he stopped taking his medication because it made

him sick with headaches, severe vomiting, diarrhea, and stomach pain. After being confronted about why he stopped taking his medication by the nurse on staff, Plaintiff claims the nurse told him that he had been given the wrong medication and that the medication he had been taking was intended for another inmate. The nurse apparently acknowledged the mistake.

Plaintiff states he is suing Defendant Powers, the Director of the facility's medical staff, in his supervisory capacity for "not hiring medical staff who kn[e]w what the they were doing" and the entire Spartanburg Detention Center Medical Staff for their alleged involvement in the incident. (Compl. at 3.)

## STANDARD OF REVIEW

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir.1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). The court reviews *de novo* those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole

or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the R&R, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir.1983). Plaintiff filed timely Objections to the R&R on June 9, 2008. After a review of the entire record, the R&R, and Plaintiff's Objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

## OBJECTIONS

As the Magistrate Judge correctly noted, claims related to conditions of confinement for pretrial detainees are analyzed pursuant to the Fourteenth Amendment utilizing the same analysis for claims brought pursuant to the Eighth Amendment. *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). In order for the Plaintiff to make out a constitutional claim he must establish that the prison medical personnel responsible for his care were deliberately indifferent to his serious medical needs.

A claim of deliberate indifference to a serious injury is analyzed through a two-part inquiry. First, a plaintiff must show that a defendant's "action or inaction result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and secondly, a 'sufficiently culpable state of mind [existed].' " *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)). In order to be liable for deliberate indifference, a plaintiff must prove that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference. *See Young v. City of Mount Rainer*,

3

238 F.3d 567, 575-76 (4th Cir. 2001).

In this case, the Plaintiff failed to present evidence that any Defendants acted with deliberate indifference towards his medical needs. In his Objections, Plaintiff contends he received medication that was not intended for him but rather for another inmate, which was acknowledged by the nurse on staff at the SCDC, and that he did not receive an answer from the medical staff or Director Powers regarding a request about him getting sick off the medication "until [after] an officer called medical." (Objections at 2). This court finds both objections to be without merit.

Even in assuming the facts as stated by Plaintiff as true, Plaintiff's case for deliberate indifference still fails. In cases where the government is accused of failing to attend to a detainee's medical needs, the defendants' conduct must be sufficiently shocking to the conscience to constitute an actionable claim. *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, (4th Cir. 2004) ("As a general matter, '[o]nly governmental conduct that 'shocks the conscience' is actionable as a violation of the Fourteenth Amendment.' ") (quoting *Young*, 238 F.3d at 574). Mere negligence in providing medical attention, even negligence so severe that it rises to the level of medical malpractice, does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 97; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

In the instant case, Plaintiff fails to show how distribution of the wrong medication by the nursing staff at the SCDC was anything other than negligence or malpractice. There are no facts or allegations indicating the medical staff was aware that a substantial risk of harm existed by giving Plaintiff the medication, since there is no evidence that the nursing staff had no idea that they were administering the incorrect medication to Plaintiff. Further, state facilities are only required to furnish prisoners with reasonable care, not the very best medical care. *Vinnedge v. Gibbs*, 550 F.2d

4

926 (4th Cir. 1977).

Plaintiff's claims, taken together as a whole, only allege that he was mistakenly given the incorrect medication, which he acknowledges he was taken off of as soon as the mistake was discovered. However, as stated above, the doctrine of deliberate indifference only furnishes a cause of action under the Constitution in cases of willful harm or neglect, not in cases of a mere mistake in providing care. Accordingly, Plaintiff's claim amounts to "no more than a claim of medical malpractice" or "a negligence claim", which under *Estelle*, 429 U.S. at 105-106, is not sufficient to make out a 42 U.S.C. § 1983 claim, and Plaintiff's claim therefore fails as a matter of law. *West v. Atkins*, 487 U.S. 42, 49 (1988).

While Plaintiff's allegations do not support a deliberate indifference claim, he also states a medical malpractice claim. (Compl. at 2, 5.) It is well established by the courts that medical malpractice is not a constitutionally recognizable claim. *Neitzke v. Williams*, 490 U.S. 319, 321 (1989). Therefore, Plaintiff's medical malpractice claim raises a state law cause of action, rather than one of federal law. As such, this court lacks subject matter jurisdiction over this claim, and Plaintiff is without remedy for a medical malpractice claim in this court.

Plaintiff also contends he did not receive any message from the medical staff or from Director Powers until after an officer called medical staff. Yet, by Plaintiff's own admission, the nurse acknowledged the mistake and placed Plaintiff back on the correct medication as soon as the mistake was discovered. While Plaintiff might have deserved a more thorough explanation of the sequence of events, the mere fact he did not receive was not so severe a wrong as to rise to the level of a constitutional violation entitling him to relief under 42 U.S.C. § 1983.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that the recommendation of the Magistrate Judge is adopted in full, and Plaintiff's claim is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**September 2, 2008**